UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAWAD "JOE" QUASSANI,

    Defendant.

2:11-CR-0409-LRH-CWH

ORDER

Before the court is defendant Jawad "Joe" Quassani's ("Quassani") motion for a new trial. Doc. #94.[1] The United States filed an opposition (Doc. #105) to which Quassani replied (Doc. #106).

**I.    Facts and Procedural History**

On November 29, 2011, Quassani was charged in a five (5) count criminal indictment with one (1) count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; two (2) counts of wire fraud in violation 18 U.S.C. § 1343; and two (2) counts of mail fraud in violation of 18 U.S.C. § 1341. Doc. #1. On July 10, 2013, after a jury trial, Quassani was convicted of all five counts. Doc. #89. Thereafter, Quassani filed the present motion for a new trial. Doc. #94.

///

---

[1] Refers to the court's docket number.

**II. Discussion**

Pursuant to Federal Rule of Criminal Procedure 33, upon a criminal defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).

In his motion, Quassani argues that his counsel was constitutionally ineffective at trial, and therefore, he is entitled to a new trial. *See* Doc. #94. However, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Birges*, 723 F.2d 666, 670 (9th Cir. 1984); *see also United States v. Mendoza*, 484 Fed. Appx. 101, 103 (9th Cir. 2012) (affirming denial of new trial motion based on ineffective assistance of counsel claim because "the proper vehicle for this claim us a 28 U.S.C. § 2255 motion."). This is because only a collateral proceeding "permits the district judge first to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991).

Here, there is no record before the court as to what considerations led Quassani's trial counsel to contemplate the challenged trial strategy or to stipulate to certain facts. Given the centrality of counsel's strategies to Quassani's ineffective assistance claim, the court finds that this claim is more appropriately addressed under 28 U.S.C. § 2255. Accordingly, the court shall deny the motion for a new trial.

IT IS THEREFORE ORDERED that defendant's motion for a new trial (Doc. #94) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE